UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| v. | : | |
| | : | VIOLATION: |
| BYRON FOGAN, | : | 18 U.S.C. § 1957 (Money Laundering); |
| | : | |
| Defendant. | : | CRIMINAL FORFEITURE: |
| | : | 18 U.S.C. § 982(a)(1); 21 U.S.C. § 853(p) |

**I N F O R M A T I O N**

The United States Attorney charges:

**INTRODUCTION**

Unless otherwise indicated, at all relevant times:

1.   BYRON K. FOGAN ("FOGAN") was the executive director of the Oasis Foundation of Washington, D.C. ("Oasis Foundation"), a non-profit foundation located in the District of Columbia.

2.   The Oasis Foundation's stated purpose was to make financial donations to various organizations that conducted work in one of five areas: investment in educational development, innovation in science and technology, the promotion of arts and culture, developing families and strong communities, and the promotion of environmental awareness and protection.

3.   As the executive director of the Oasis Foundation, FOGAN enjoyed exclusive access to, and control of, the Oasis Foundation's finances, including all bank accounts. FOGAN received an annual salary of $60,000 from the Oasis Foundation.

4.   FOGAN's salary from the Oasis Foundation was deposited into his personal checking account at Bank of America, a financial institution, no. xxxx7048 ("BOA personal account"), on which FOGAN was the sole signatory.

1

5.	Beginning in the summer of 2008, FOGAN opened two bank accounts at HSBC, a financial institution, in the name of the Oasis Foundation. The first account was a checking account, no. xxxx1740 ("Oasis HSBC checking account"), which FOGAN opened on or about August 26, 2008. The second account was a savings account, no. xxxx6112 ("Oasis HSBC savings account"), which FOGAN opened on or about September 24, 2008. FOGAN was the sole signatory on both of these bank accounts. On or about September 24, 2008, the Oasis HSBC savings account received an initial wire transfer of $2,400,000.00. On or about January 24, 2012, the Oasis HSBC checking account received an additional wire of $5,000,000.00.

6.	On or about January 12, 2011, FOGAN opened a checking account with Bank of America in the name of The Fogan Law Group LLC, no. xxxx9448 ("BOA Fogan Law Group Account"). FOGAN was the sole signatory on this account.

7.	On or about November 4, 2011, FOGAN opened a personal checking account in his name, no. xxxx0250 ("MVB personal account"), with MVB Bank in Charles Town, West Virginia. FOGAN was the sole signatory on this account.

8.	On or about January 17, 2012, HSBC closed the Oasis Foundation savings account and, on or about April 20, 2012, HSBC closed the Oasis Foundation checking account. Both accounts were closed due to suspicious activity. On or about May 14, 2012, FOGAN opened a new account for the Oasis Foundation at PNC Bank, no. xxxx1941 ("Oasis PNC account"), which was established and funded by a cashier's check from HSBC equal to the balance of the HSBC closed accounts, $4,609,096.23. FOGAN was the sole signatory on the Oasis PNC account.

9.	On or about July 18, 2012, PNC closed the Oasis PNC account, also due to suspicious activity, and FOGAN transferred the remaining balance of $1,630,231.43 to an

account he opened at Sun Trust Bank, no. xxxx5906 ("Oasis Sun Trust account 1"), on or about July 24, 2012, in the name of the Oasis Foundation. On or about July 26, 2012, FOGAN transferred $500,000 from the Oasis SunTrust account 1 to another account at SunTrust Bank, no. xxxx5930 ("Oasis SunTrust account 2"), which he also opened in the name of the Oasis Foundation. On or about May 7, 2013, FOGAN transferred $50,000 from the Oasis SunTrust account 2 to Oasis SunTrust account 1.

## COUNT ONE

## Money Laundering

10. From on or about January 1, 2011, to at least on or about May 31, 2013, FOGAN used his personal bank account and accounts that he opened in the name of the Oasis Foundation to fraudulently obtain funds from the Oasis Foundation.

11. On or about the following dates, in the District of Columbia and elsewhere, BYRON K. FOGAN did knowingly engage in monetary transactions in criminally derived property from specified unlawful activity, that is wire fraud:

| Source | Date | Amount | Recipient |
| --- | --- | --- | --- |
| Oasis → BOA Personal Account | 3/30/2011 | $17,800.00 | Fogan's personal American Express credit card |
| Oasis → BOA Fogan Law Group | 4/11/2011 | $35,465.53 | Fogan's personal American Express credit card |
| Oasis → BOA Fogan Law Group | 5/31/2011 | $39,915.57 | Fogan's personal American Express credit card |
| Oasis → BOA Personal Account | 2/1/2012 | $26,105.04 | Fogan's personal American Express credit card |
| Oasis → BOA Personal Account | 2/9/2012 | $15,000.00 | Dover Downs Casino |
| Oasis → BOA Personal Account | 2/9/2012 | $15,000.00 | Dover Downs Casino |
| Oasis → BOA Personal Account | 3/21/2012 | $74,282.60 | Fogan's personal American Express credit card |

12. While conducting said transactions, all of a value greater than $10,000, **BYRON K. FOGAN** knew that such property was derived from a specified unlawful activity, that is, the wire fraud of the Oasis Foundation.

(**Money Laundering,** in violation of Title 18, United States Code, Section 1957.)

## FORFEITURE ALLEGATION

13. Upon conviction of the offense alleged in Count 1, the defendant shall forfeit to the United States any property, real or personal, involved in this offense, or any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(l). The United States will seek a forfeiture money judgment against defendant in the amount of $223,568.

14. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

>(**Criminal Forfeiture**, pursuant to Title 21, United States Code, Section 853(p), and Title 18, United States Code, Section 982(a)(1))

    Respectfully submitted,

    CHANNING D. PHILLIPS
    United States Attorney
    D.C. Bar No. 415-793

BY:     /s/
    ZIA FARUQUI
    D.C. Bar No. 494990
    Assistant United States Attorney
    Asset Forfeiture and Money Laundering Section
    555 Fourth Street, N.W., Fourth Floor
    Washington, D.C. 20530
    (202) 252–7117
    Zia.Faruqui@usdoj.gov